The referee and the Supreme Court wholly misapprehended the nature and effect of the allegations of the complaint and answer, and both improperly held that the defendants admitted by their answer, the allegation in the complaint, "that Simmons, the plaintiffs' intestate, while he was acting as treasurer of the Dresden and Penn Yan Plank Road Company, advanced and paid, laid out and expended money, under and by the direction of the board of directors of said company and the person or persons authorized by said directors, in and about keeping said plank road in repair, and in paying for material and work and labor done on said plank road over and above the amount received by him from the tolls and earnings of said plank road."
The second answer contains this language: "And these defendants say that the said Simmons, before and during the time he was making said advances alleged in said complaint, was strictly forbidden, by said plank road company, to expend any greater amount of money, material and labor upon said road than he received from the earnings of said road, and not to incur any liability on the part of the said company greater than the tolls and earnings thereof would pay. And these defendants allege, that the said alleged advances, if made at *Page 275 
all, were made by said Simmons contrary to the wishes and instructions of the said plank road company in his own wrong."
The averment in the complaint, that the advances were made "under and by the direction of the board of directors, and of the person or persons authorized by said directors," simply means that they were made at the request of the company and in accordance with its directions. The word "directions" in the complaint and "instructions" in the answer, in the connection in which they are used, are synonymous. Adopting this as the correct and legal paraphrase of the language used, it is impossible, in the nature of things, that the language of the second answer above quoted should not be regarded as a general, and a full and complete denial of the allegation in the complaint. It is a contradiction and an absurdity to say that the advances were made by the request of the company, and by its instructions or directions, and, at the same time, that they were made contrary to the wishes and instructions of the company. The answer does not need the aid of the liberal construction prescribed by the Code in order to constitute a full and complete denial of the allegations of the complaint. Giving to its language its ordinary signification, it amounts to such a denial, and it is only by a forced and unnatural construction that it can be made to speak less. Nor is it the less a denial of the allegations of the complaint, if it be conceded that other portions of that answer introduce new matter. This new matter, so called, has no necessary connection with the portion of the answer above quoted. It is not needed as the foundation or inducement of the denial, nor does it qualify or abridge, in the least degree, the signification or effect of the part quoted. But if the liberal rule of construction prescribed by the Code is applied to the second answer, it is impossible, with any degree of fairness, to attribute to it an admission that the alleged advances were made by Simmons at the request, or even with the assent, of the corporation or of its board of directors, or of any of its agents.
The erroneous ruling of the referee in regard to the force *Page 276 
and effect of the answer, was the cause of many of the other errors committed by him during the progress of the trial. In this class was his improper admission of the testimony of Graves and Brown, in opposition to the defendants' objection, that no authority or request by the corporation to Simmons to make the advances had been proved. The question presented and decided by the referee under this objection was as to the competency of the offered evidence in the absence of proof of the authority or request insisted on by the objection, and the error cannot be evaded by saying that the question was merely one relating to the order of proof. The referee did not put his decision upon any such ground.
The orders drawn by Legg and Sisson, as directors, on Simmons, as treasurer of the plank road company, were improperly admitted in evidence. Assuming that Legg and Sisson had authority to draw the orders, the payment of them by the treasurer is presumed to have been made out of the funds of the corporation in his hands, and they afforded no ground of action against the corporation. The evidence referred to by the court below, as the ground for sustaining the decision of the referee, instead of furnishing any reason for the admission of the orders in evidence, on the contrary furnishes the most conclusive reason for the rejection. It is said that it appeared that Sisson and Legg were appointed to superintend the labor on the road and the expending of this money; but the money referred to is distinctly designated in the resolution, spoken of by the witness as having been passed by the board of directors, to the effect that they should expend the money on hand and the receipts for tolls accruing on the road, in graveling, and no faster. In the absence of all evidence to the contrary, the drafts are presumed to have been drawn upon the fund in the treasurer's hands belonging to the corporation.
The referee also erred in rejecting the testimony offered to be given by the defendant showing that he heard a conversation between the plaintiff's intestate and Townsend, in June or July, 1857, in which the intestate admitted to Townsend that *Page 277 
he was instructed by the board of directors of the plank road company, in June, 1856, to expend no more money on the road than the money in the treasury and the ordinary receipts from the tolls. This evidence was rejected upon the ground that a conversation heard by the witness, who was a party to the action, was a transaction had personally between him and the deceased, and could not, therefore, be testified to by him, under section three hundred and ninety-nine of the Code of 1860. The prohibition of that section does not prevent a party testifying in an action in which the legal representatives of a deceased person are adverse parties, to a conversation between the deceased and a third person, which was overheard by the witness. The hearing of such conversation is not "a transaction had personally between the deceased and the party," within the meaning of the section of the Code referred to. This language has reference only to business done or negotiations carried on in person between the deceased and such party. That this is the true construction of this language is evident from the amendment of this section of the Code in 1862, which inserted the words "conversation or" before the word "transactions," so that the section now prohibits a party testifying in such an action in regard to any conversation or transaction had personally between the deceased person and such party. Even as the section now stands, it does not prohibit a party testifying to a conversation between the deceased and a third person, heard by the party, and in which he did not participate.
The referee also improperly refused to allow this witness, Legg, to testify that the board of directors did not give the intestate any directions or permission to expend money upon the plank road, except the money in the treasury and the ordinary receipts of the road. This error was in consequence of the previous erroneous ruling of the referee as to the construction of the defendant's answer.
It was also an error to allow proof of the admission of Legg that the account of the intestate against the plank road company was correct. The admissions of a member of a corporation *Page 278 
aggregate are not competent to charge the corporation unless they are made in relation to a transaction in which such member is the authorized agent of the corporation. (Ogden v. Manhattan Co.,
3 Cow., 623; Hartford Bank v. Hart, 3 Day, 493.) The doubt which formerly existed upon this subject was settled by these decisions, and the statute (2 R.S., 408, marg.; 3 id., 5th ed., 692), was merely an affirmance of this rule. That statute declares that in suits by or against an aggregate corporation, the admission of any member thereof, not named on the record as a party to such suit, shall not be received as evidence against such corporation, unless such admission was made concerning some transaction in which such member was the authorized agent of such corporation.
Nor were the admissions of Legg competent to charge his co-defendants. The liability of stockholders in plank road companies, for the debts of the corporation, is a several and not joint liability; and yet the referee allowed Legg's admission to be proved to charge his co-defendants.
The referee's report contains no finding as to whether the plaintiff's intestate was a stockholder of the plank road corporation at the time he made the advance for which he seeks to recover. The defendant's second answer, however, avers the fact, and the plaintiffs themselves gave evidence that he was such stockholder in the years 1855, 1856 and 1857. The 38th section of the general act (2 R.S., 5th ed., § 120) declares that no person shall be a director unless he is a stockholder in the company, and the plaintiffs proved that their intestate was a director during the years named. When the plaintiffs rested, a motion for a nonsuit was made, and the first ground stated is that the plaintiffs had entirely failed to make out a cause of action. This is the only ground stated under which it can be claimed by the defendants that the question may be raised whether a stockholder can bring an action under section 46 of the act (2 R.S., 5th ed., § 129), against one or more stockholders, less than all, to recover a demand due to him from the corporation. We think the ground upon which the motion for a nonsuit was made was not sufficiently specific to *Page 279 
bring the question referred to before the referee. And the referee's report contains no finding as to whether the plaintiff's intestate was a stockholder at the time he made the advances. The exceptions to the referee's conclusions of law, based upon the facts found, do not enable the defendants to raise the question whether a stockholder could maintain such action. Without deciding the question, it may not be improper for the court to say that the more appropriate action would seem to be one brought under section 44 of the act (2 R.S., 5th ed., § 127) for contribution, against all the stockholders liable to contribution, as was suggested in the case of Bailey v. Banks
(3 Hill, 188). In the act of 1855 (2 R.S., 5th ed., p. 514, chap. 390, §§ 154 — 156), the legislature deemed it necessary to declare that a stockholder, having a claim against the corporation, should be deemed a creditor, and entitled to appear in an action authorized by these sections and prove his claim and have judgment therefor. It would seem, from this decision and this legislation, that a stockholder could not bring an action under section 129.
The judgment should be reversed and a new trial ordered, with costs to abide the event.
SELDEN, J., concurred in all the points of this opinion not discussed in his own: all the judges concurring,
Judgment reversed, and new trial ordered.